TROUTMAN PEPPER
HAMILTON SANDERS LLP
Jared D. Bissell, Bar No. 272687
jared.bissell@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone:   858.509.6000
Facsimile:    858.509.6040

Attorneys for Defendants
Nationstar Mortgage LLC d/b/a Mr. Cooper
(*erroneously sued as Nationstar Mortgage DBA Mr. Cooper*) and US Bank NA, As Trustee for Structured Adjustable-Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-19XS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| KENNETH HALL and JENNIFER HALL, | Case No. |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332, 1441 AND 1446** |
| v. | |
| NATIONSTAR MORTGAGE DBA MR. COOPER; US BANK NA, AS TRUSTEE FOR STRUCTURED ADJUSTABLE-RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-19XS; and DOES 1-10, inclusive, | |
| Defendants. | |

NOTICE OF REMOVAL

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper (*erroneously sued as Nationstar Mortgage DBA Mr. Cooper*) ("Nationstar") and US Bank NA, As Trustee for Structured Adjustable-Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-19XS ("US BANK" collectively with Nationstar, "Defendants"); removes this action from the Superior Court of the State of California for the County of Riverside, Menifee Court to the United States District Court for the Central District of California.

This case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and it is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

In compliance with 28 U.S.C. § 1446(a), and in support of its Notice of Removal, Defendants set forth the following:

## I.    THE STATE COURT ACTION

On October 21, 2024, Plaintiffs, Kenneth Hall and Jennifer Hall (collectively "Plaintiffs"), filed a Complaint in the Riverside County Superior Court styled *Kenneth Hall and Jennifer Hall v. Nationstar Mortgage dba Mr. Cooper, et al.*, Case No. CVME2404100 (the "State Court Action"), in which Plaintiff asserts myriad causes of action against Defendants including violation of Civ. Code 2923.5, 2924.9 and 2924.17, unfair business practices, violation of Bus. & Prof. Code 17200 *et seq.* and cancellation of written instruments, Civ. Code section 3412.

As required by 28 U.S.C. Section 1446(a), attached to this Notice of Removal, as **Exhibit 1**, are all process, pleadings, and orders served upon Nationstar in this matter.

## II.    BASIS FOR REMOVAL

The State Court Action may be removed to the United States District Court in accordance with 28 U.S.C. § 1441(b) since this District Court has original

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

jurisdiction over the State Court Action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, the State Court Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See e.g., Scott v. Jacobson*, 2006 U.S. Dist. LEXIS 53513, at * 4-5 (E.D. Cal. 2006) (Diversity of citizenship and amount in controversy exceeding $75,000.00 "satisfy the criteria for a federal court's diversity jurisdiction, and permit removal if properly made").

## A. DIVERSITY OF CITIZENSHIP

In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships must be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent, and/or sham defendants. *See Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

"To establish the citizenship of a natural person for purposes of diversity jurisdiction, a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Hoad v. Humane Soc'y of the United States*, 2009 U.S. App. LEXIS 22688, at * 2 (9th Cir. 2009) (quotations omitted). "A person is domiciled in a location where he or she has established a fixed habitation or abode...and intends to remain there permanently or indefinitely." *Id.* at 2-3 (quotations omitted).

"For diversity purposes, a corporation is a citizen of every state and foreign state by which it is incorporated, and of the state and foreign state where it has its principal place of business." *Marino v. Nery's USA, Inc.*, 2014 U.S. Dist. LEXIS 111696, at * 5 (S.D. Cal. 2014) (citing 28 U.S.C. § 1332(c)(1)). "The principal place of business is located in the 'nerve center' of the corporation." *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)). "A corporation's nerve center is where a corporation's officers direct, control, and coordinate the corporation's activities...and in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction,

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

control, and coordination." *Dychiuchay v. Grieshaber*, 2014 U.S. Dist. LEXIS 140164, at * 7 (D. Nev. 2014) (quotations omitted).

### 1.    Citizenship of Plaintiffs

Plaintiffs allege to be "residents of Riverside County, California," (Exhibit 1, Complaint ¶ 1.) Since Plaintiffs' Complaint, which is a part of the State Court Action record, alleges that Plaintiffs' residence is in California, and Plaintiffs filed suit with respect to a real property owned and resided in by Plaintiffs in Riverside County, California, Plaintiffs would be deemed to be domiciled in California and, therefore, a citizen of California for diversity purposes. *See e.g., Williams v. Sugar Hill Music Publ'g., Ltd.*, 2006 U.S. Dist. LEXIS 101631, at * 16-18 (N.D. Cal. 2006).

### 2.    Citizenship of Nationstar

Nationstar is a diverse defendant, and a citizen of Texas and Delaware. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nationstar is a Delaware Limited Liability Company, and is an indirect, wholly owned subsidiary of a publicly traded company, Mr. Cooper Group Inc. ("Mr. Cooper"), a Delaware corporation. Nationstar is directly owned by two entities: (1) Nationstar Sub1 LLC ("Sub1") (99%) and (2) Nationstar Sub2 LLC ("Sub2") (1%). Both Sub1 and Sub2 are Delaware limited liability companies. Sub1 and Sub2 are both 100% owned by Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is incorporated in Delaware and has its principal place of business in Texas. NSM Holdings is a wholly owned subsidiary of Mr. Cooper. More than 10% of the stock of Mr. Cooper is owned by BlackRock, Inc., a Delaware corporation, and certain of its affiliates.

### 3.    Citizenship of US Bank

U.S. Bank is a national bank with its principal place of business in Minneapolis, Minnesota. Pursuant to 28 U.S.C. § 1348, defendant U.S. Bank, as a national banking association, is a citizen of the state where it is "located." In 2006,

Troutman Pepper Hamilton Sanders LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

the United States Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006); *Rouse, et al. v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("under § 1348, a national banking association is a citizen only of the state in which its main office is located.") U.S. Bank is a citizen of Minnesota for purposes of diversity jurisdiction.

### 4.    Citizenship of Other Defendants

Upon information and belief, there have been no other "persons or entities known of unknown, claiming any legal or equitable right, title, estate, lien or interest in the [Subject Property: 27300 Capricho Circle, Temecula, CA 92590] adverse to Plaintiff(s)' title, or any cloud upon Plaintiff(s)' title thereto" ("Unserved Defendants") served with the Complaint.

Further, DOES 1-10 have not been named or served. Therefore, Unserved Defendants' and DOES 1-10's citizenship is immaterial to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Because no defendant has the same citizenship as Plaintiffs, complete diversity of citizenship exists.

### B.    AMOUNT IN CONTROVERSY

Under 28 U.S.C. § 1332(a), the matter in controversy must exceed $75,000, and the amount-in-controversy requirement is satisfied here. "If a plaintiff alleges damages in excess of the jurisdictional amount, then the amount in controversy requirement is presumptively satisfied, unless the plaintiff proves to a legal certainty that the claim is actually worth less than the jurisdictional amount." *Fletcher v. Toro Co.*, 2009 U.S. Dist. LEXIS 126693, at * 6 (S.D. Cal. 2009) (citations omitted).

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

Plaintiffs fail to explicitly allege the amount of Plaintiffs' damages anywhere in the body of the Complaint in an attempt to avoid removal. (*See generally*, Compl.). However, on the face of the pleadings, the amount in controversy is well above that amount.

The Supreme Court and Ninth Circuit hold "it is well established that the amount in controversy is measured by the **value of the object of the litigation**." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, (1977) (emphasis added); *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). In actions challenging the foreclosure of real property by the lender pursuant to a borrower's default on a mortgage loan, the value of the object of litigation is measured by either the value of the underlying loan or the value of the property securing the loan. *See e.g.*, *Hestrin v. CitiMortgage, Inc.*, No. 14-cv-9836-SVW-AJW, 2015 WL 847132 at *1 (C.D. Cal. 2015); *Castillo v. Wells Fargo Bank, N.A.*, No. 13-cv-08931-ODW (SHx), 2014 WL 358405 at *3 (C.D. Cal. 2014).

Here, Plaintiffs' Complaint is nothing other than an attempt to assert various causes of action on the basis of meritless arguments regarding Nationstar's purported failure to comply with provisions of various state laws related to Nationstar's lawful foreclosure of the Subject Property, and the object of the litigation is the Subject Property. The Deed of Trust securing the loan on the Subject Property was in the amount of $750,000.00 as of May 30, 2005. (Compl., Ex. A.) There is no evidence that the value of the Subject Property has decreased in the intervening eighteen (18) years. Plaintiffs also include a Residential Purchase Agreement in which a purported purchaser was offering $1,070,000.00 to purchase the Subject Property, evincing the value of the Subject Property is well in excess of the $75,000 threshold. (*see id.*, Ex. D.)

Plaintiffs are additionally seeking "compensatory, special and general damages," (Compl., prayer ¶ 1), "civil penalties" in a minimum of $50,000.00 (Compl. prayer ¶ 2); "attorney's fees" (Compl. prayer ¶ 8), and "monetary damages

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

of $15,000" (Compl. prayer ¶ 9). Because Plaintiffs filed the case as an unlimited civil case, there is no upper limit to the damages that Plaintiffs may be seeking, even if not explicitly indicated in the Complaint.

Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441.

**C.    CONSENT BY DEFENDANTS WHO HAVE BEEN SERVED OR APPEARED**

"All defendants **who have been properly joined and served** must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2) (emphasis added); *see also Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting that "a party not served need not be joined" in a petition for removal).

Nationstar and US Bank consent to the Removal. No other parties have been served with the complaint and, further, the identities of doe defendants 1-10 are currently unknown. As such, procuring their consent to removal is impossible and, thus, cannot act as a bar to removal.

### III.    <u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

The Superior Court for the County of Riverside is located within the Central District of California. Thus, the Central District of California is the proper venue for this removal because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 84(c)(2).

Applicable statute requires that a "notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…" 28 U.S.C. §1446. However, pursuant to the Federal Rules of Civil Procedure, in order to compute the time period specified in that statute, Defendants needed to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed Rules Civ. Proc. R. 6.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

A "legal holiday" is defined as follows:

> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Juneteenth National Independence Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;
>
> (B) any day declared a holiday by the President or Congress; and
>
> (C) **for periods that are measured after an event, any other day declared a holiday by the state where the district court is located**.

Fed. Rules Civ. Proc. R. 6 (emphasis added).

Here, Plaintiffs served Defendants on October 30, 2024, and removal of litigation is measured after the event of service of the complaint. Thirty (30) days following the date of service is November 29, 2024. November 29, 2024, is the day after Thanksgiving, a court holiday for the Central District of California, and, according to the California Secretary of State Website found at https://www.sos.ca.gov/state-holidays, a California state holiday. As such, the deadline to file the instant Notice of Removal is the Monday after the legal holiday, December 2, 2024. Defendants' instant removal is timely.

## IV. NOTICE TO STATE COURT AND ADVERSE PARTIES

Pursuant to 28 U.S.C. § 1446(d), Defendants shall promptly file a notice of the removal of this action with the clerk of the Riverside County Superior Court where this action commenced, and defendants shall promptly serve plaintiffs with this notice of removal as well as the notice to be filed in the Superior Court.

## V.    **RELATED CASES**

To the best of Defendants' knowledge, there are no cases relating to the State Court Action pending in this Court.

Dated: December 2, 2024          TROUTMAN PEPPER
                                 HAMILTON SANDERS LLP


                                 */s/ Jared D. Bissell*
                                 Attorneys for Defendants
                                 Nationstar Mortgage LLC d/b/a Mr. Cooper (*erroneously sued as Nationstar Mortgage DBA Mr. Cooper*) and US Bank NA, As Trustee for Structured Adjustable-Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-19XS

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

## CERTIFICATE OF SERVICE

I, Jared D. Bissell, declare:

I am a citizen of the United States and am employed in San Diego, California. I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA 92130.

I hereby certify that on December 2, 2024, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF participants in this case.

I further certify that a copy of the foregoing was served via email and overnight mail on the following counsel:

| |
|---|
| Tony Cara, Esq.<br>CDLG, PC<br>2973 Harbor Boulevard, Suite 594<br>Costa Mesa, CA 92626-3912<br>Litigation.CDLG@gmail.com<br>*Attorney for Plaintiffs* |

I declare that I am employed in the office of a member of the bar at whose direction the service was made. Executed on December 2, 2024, at San Diego, OR.

*/s/ Jared D. Bissell*

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092